

DA 10-0458

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 95N

JENNIFER ADAMS,

          Plaintiff and Appellant,

  v.

JOHN MAYNARD and MARSHA DAVENPORT
MAYNARD, and DOES and ROES 1-5,

          Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
                  In and For the County of Lewis and Clark, Cause No. CDV-2009-687
                  Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John C. Doubek, Patrick T. Fox, Doubek & Pyfer, Helena, Montana

      For Appellees:

          Perry J. Schneider, Milodragovich, Dale, Steinbrenner & Nygren, P.C.,
          Missoula, Montana

Submitted on Briefs:  March 8, 2011

Decided:  May 4, 2011

Filed:

_____
                       Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jennifer Adams suffered serious injuries in an automobile accident when her car was struck from the rear by a car driven by Rebecca Boggio, the Maynards' nanny. Adams negotiated a $250,000 settlement with the Maynards' primary automobile liability insurance carrier. To effect this settlement, Adams executed a General Release (Release). She included language in the Release attempting to reserve the right to pursue additional recovery from the Maynards' umbrella carrier. When settlement with the umbrella carrier could not be reached, she sued the Maynards. The Maynards moved for summary judgment on the basis of the Release, and the First Judicial District Court granted the motion, concluding that the plain language of the Release was not ambiguous, and that therefore any extrinsic evidence of the insurer's or attorney's awareness of Adams' intent was irrelevant. Adams appeals. We reverse and remand.

¶3 A restatement of the issue on appeal is whether the District Court properly granted the Maynards' motion for summary judgment. There are no material facts in dispute.

¶4 The Release executed by Adams released the Maynards from, among other things,

> any and all actions, claims, causes of action, demands, or expenses for damages or injuries, whether asserted or unasserted, known or unknown, foreseen or unforeseen, arising out of the [accident].

2

Additionally, the Release provided:

> [Adams] reserves her right to pursue the recovery of any additional benefits under any insurance policies available to [Adams], including but not limited to [Adams'] own insurance or any additional insurance or coverage held by [Maynards].

The Release also provided that it was "without prejudice to [Adams'] rights . . . to pursue claims under additional insurance policies."

¶5 It is well established that a release is a contract and, as such, is governed by contract law. *Jacobsen v. Allstate Ins. Co.*, 2009 MT 248, ¶ 51, 351 Mont. 464, 215 P.3d 649. If a contract has been reduced to writing, we are to ascertain the parties' intention from the writing alone if possible. Section 28-3-303, MCA. However, if the language of the contract is reasonably susceptible to more than one interpretation, the contract may be deemed ambiguous and require that we review extrinsic, or parol, evidence to determine the meaning of the writing. *K&R P'ship v. City of Whitefish*, 2008 MT 228, ¶ 26, 344 Mont. 336, 189 P.3d 593 (citations omitted).

¶6 We conclude the language of the Release is "reasonably susceptible to more than one interpretation." *K&R*, ¶ 26. Adams released all claims against the Maynards and yet reserved—in the same document—claims for additional sums which would require her to sue the Maynards. The language of the Release is therefore internally inconsistent and ambiguous. There being an ambiguity, the District Court erred in failing to consider extrinsic evidence to determine the intent of the parties.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

3

issues in this case are legal and are controlled by settled Montana law, which the District Court incorrectly interpreted.

¶8 For the foregoing reasons, we reverse and remand to the District Court with instruction to consider parol evidence of intent to determine whether the Release bars further action by Adams against the Maynards.

/S/ PATRICIA COTTER

We concur:

/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ BRIAN MORRIS